DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
SUSAN J. KAWALA, State Bar #178612
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3827
Facsimile: (415) 554-3800
E-Mail: susan.kawala@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIMAR CORNEJO, JAMIL BEY,<br><br>Plaintiffs,<br><br>vs.<br><br>TERESA MORAN individually, CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, AUTO RETURN, an unknown corporation,<br><br>Defendants. | Case No. 17-CV-4664 CRB<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[F.R.C.P. Rule 12(b)(6)]<br><br>[A Proposed Order has been filed concurrently herewith]<br><br>Hearing Date: December 8, 2017<br>Time: 10:00 a.m.<br>Place: USDC Ctrm 6, 17th Floor<br>San Francisco, CA<br><br>Trial Date: Not set |

## INTRODUCTION

Plaintiffs Marimar Cornejo and Jamil Bey (allegedly legally named Josh Brokemond) bring this action against the City and County of San Francisco ("CCSF"). This case stems from the attachment of a vehicle immobilization device, which is sometimes referred to as a "boot", to a

vehicle, alleged in the Complaint by Plaintiff Cornejo to be "her automobile" but with no further allegations establishing that she is actually the registered owner.

The largely unintelligible Complaint can be summarized as follows: All claims against the Defendants are based entirely on an administrative hearing at the San Francisco Municpal Transportation Agency ("SFMTA"), attended by Plaintiffs, upholding the placement of an immobilization device because of nonpayment of outstanding parking violations.

Plaintiffs' causes of actions are:

- 14th Amendment Violations under 42 U.S.C. §1983
- Article 1, Section 7 of the Constitution of the State of California; and
- Conversion

As will be discussed more fully below, Plaintiffs should not be allowed to bring their claims in this Court regarding the validity of the administrative hearing at issue because they have thus far failed to exhaust their administrative remedies; Plaintiffs did not plead that they appealed the administrative hearing officer's decision to a state superior court as required under the California Vehicle Code Section 40200 et seq. Therefore, Plaintiffs lack standing to challenge the validity of the hearing or whether it violated their due process rights.

Although a plaintiff should generally be granted leave to amend a legally deficient complaint, Plaintiffs' claims here are so deficient that granting leave to amend in this case would be futile. Plaintiffs have also failed to sufficiently allege the necessary elements to maintain their federal and state law causes of action. There is no cognizable claim under 42 U.S.C. § 1983, there is no private right of action under the California Constitution as alleged in the complaint, and Plaintiffs failed to plead statutory liability for the state law cause of action for conversion. As such, the Court should therefore grant the motion to dismiss with prejudice without leave to amend.

**FACTS**

Plaintiff Marimar Cornejo and Co-Plaintiff Jamil Bey (also allegedly known as Josh Brokemond) allege that on July 21, 2017, Bey went to the San Francisco Municipal Transit Agency ("SFMTA") where he was notified that the "booting" device was attached to the automobile for

reasons of delinquent citations. Complaint, ("Compl.") ¶ 17. Plaintiff Bey then was allowed to file a response and go before a hearing officer. Compl. ¶ 18.

Plaintiffs were then afforded a hearing and informed that the governing law was the California Vehicle Code. Compl. ¶ 33. At that hearing, Plaintiffs admitted that the address the SFMTA had on file was indeed an address that they had lived at. Compl. ¶ 25. Finally, Plaintiffs did not contest that there were more than 5 delinquent parking citations, but instead attempted to focus on whether the citations were mailed to the correct addresses. Compl. ¶¶ 40-50.

Plaintiffs commenced this lawsuit on or about August 11, 2017. Plaintiffs allege that the City, and its officers and agents, deprived them of due process and wrongfully took possession of the vehicle to which ownership is still in question. Compl. ¶¶ 114-135. However, Plaintiffs failed to allege they have exhausted all administrative remedies as is required to maintain their alleged claims. As such, this motion to dismiss should be granted.

## LEGAL STANDARD FOR MOTION TO DISMISS

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

For purposes of dismissal, the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Servs./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Federal Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228–1229 (9th Cir. 1984).

# ARGUMENT

## I. I. PLAINTIFFS COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES IN STATE COURT.

Plaintiffs allege that the City violated his Fourteenth Amendment procedural due process rights because an immobilization device was placed on their vehicle after they failed to pay outstanding parking citations. The City contends that no due process violation occurred because Plaintiffs were afforded the opportunity to contest the parking citations and therefore received all the process they were due in the form of an adequate post-deprivation remedy.

The California Vehicle Code sets forth California's civil administrative procedure for contesting parking citations. *See* Cal. Veh. Code §§ 40200 et seq. A person can seek *de novo* judicial review of an adverse hearing decision by filing an appeal in superior court. Cal. Veh. Code § 40230(a). However, no appeal lies from the judgment of the superior court in light of "the specific and comprehensive nature of the statutory scheme provided in section 40200 et seq., and the clear legislative intent that the courts have limited involvement in the determination of liability for parking violations...." *Smith v. City of L.A. Dep't of Transp.*, 59 Cal. App. 4th Supp. 7, 10 (1997); *see Lagos v. City of Oakland*, 41 Cal. App. 4th Supp. 10, 12 (1995) (concluding that "the Legislature intended this '*de novo*' review of the administrative decision to be the extent of the process due a parking violation contestant," and dismissing a further appeal for lack of jurisdiction).

The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *City of Los Angeles v. David*, 538 U.S. 715, 717 (2003). Federal courts and California state courts have held that the Vehicle Code procedures for administrative review of parking citations satisfy procedural due process standards. *Moore v. City of Santa Monica*, 185 Fed. Appx. 661 (9th Cir. 2006) (affirming the dismissal with prejudice of the *pro se* plaintiff's due process claims arising from parking tickets he received in Santa Monica because California provides an "adequate and prompt post-deprivation remedy"); *Love v. City of Monterey*, 37 Cal. App. 4th 562, 586 (1995) (holding that "the statutory scheme for contesting parking tickets does not violate due process requirements"); *Tyler v. County of Alameda*, 34 Cal. App. 4th 777, 787 (1995) (concluding "that an evidentiary hearing need not be held before [a] contestant deposits the parking penalty")); *see Chang v. Rockridge Manor Condo.*, 2008 WL 2683075, at *8 (N.D.Cal. Jul. 3, 2008) (dismissing a

section 1983 plaintiff's claim that she was unlawfully cited for a parking violation for failure to state a claim because "being cited for such a violation does not rise to the level of a procedural due process violation where there is a process in place to contest the citation").

Plaintiffs failed to exhaust their administrative remedies because they did not appeal the SFMTA decision through the statutorily-created administrative processes. "The doctrine of exhaustion of administrative remedies provides that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Plaza Hollister Ltd. Partnership v. Cnty. of San Benito*, 72 Cal. App. 4th 1, 29-30 (1999).

Specifically, California Vehicle Code §40200 et seq. sets forth the process for review of contested citations: (1) an initial review by the issuing agency; (2) a subsequent "independent, objective, fair, and impartial" administrative hearing (CVC § 40215(c)(3)); and (3) review of the administrative hearing by "appeal to be heard by the ... municipal court, where the same shall be heard de novo..." (Cal. Veh. Code § 40230(a)). In *Smith v. City of Los Angeles Department of Transportation*, 73 Cal. Rptr. 2d 838 (1997), the appellate department of the superior court concluded that the procedure for review set forth in §40200 et seq. is the <u>only</u> procedure available to contest a parking citation." (Emphasis added). Plaintiffs alleged that the immobilization device being place on the vehicle was the result of lack of notice of parking citations. As such, they were challenging the validity of the parking citations and penalties associated with nonpayment. However, because Plaintiffs allege that went the through the administrative processes afforded to them in the California Vehicle Code, but do not allege that they appealed the decision to a proper state court, Plaintiffs' claims should be barred by this Court without leave to amend. *See, e.g., Dorsey v. District of Columbia*, 917 A.2d 639 (D.C. Cir. 2007) (Plaintiff's complaint about the issuance and adjudication of parking tickets with hand-held electronic devices barred because Plaintiff "failed to exhaust administrative remedies."). "The law provides administrative procedures for challenging parking tickets and an opportunity for judicial review." *Id.* at 641. Plaintiffs failed to allege compliance with the appeals process which is necessary for compliance with the exhaustion requirement. Therefore, Plaintiff's claims should be dismissed.

## II. THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE NOT STATED A VALID CLAIM AGAINST DEFENDANT CCSF UNDER 42 U.S.C §1983.

The Complaint fails to state any facts that would support liability under 42 U.S.C. § 1983, nor have Plaintiffs articulated any evidence or argument that would substantiate this claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

The moving party is not required to produce evidence showing the absence of a material fact on such issues, nor must the moving party support its motion with evidence negating the non-moving party's claim. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party shows an absence of evidence to support the non-moving party's claim, the burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Local governments are not vicariously liable for the conduct of their employees under federal law. Rather, the City may be subject to liability under 42 U.S.C. section 1983 only where an official policy or custom causes a constitutional tort. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 690 (1987). Furthermore, if a plaintiff cannot prove that a municipal employee committed a constitutional violation, then there can be no municipal liability. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of force."). Here, Plaintiffs' Complaint fails to identify what alleged act forms the basis of the violation upon which *Monell* liability is predicated.

Assuming, *arguendo*, that Plaintiffs could point to such an act, they cannot prove a violation under *Monell*. A section 1983 plaintiff may establish municipal liability in one of three ways. First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (internal quotation omitted); accord *Monell*, 436 U.S. at 690-91. Second, the plaintiff may establish that the individual who committed the constitutional tort was an official with "final policy-

making authority" and that the challenged action itself thus constituted an act of official governmental policy. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); *McKinley v. City of Eloy*, 705 F.2d 1110, 1116 (9th Cir.1983). *See also, City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-124 (1988) (plurality opinion). Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *See Praprotnik*, 485 U.S. at 127; *Hammond v. Cnty. of Madera*, 859 F.2d 797, 801-02 (9th Cir.1988). Plaintiffs here clearly do not allege a ratification theory.

In order to prevail against the City, Plaintiffs must allege not only that a constitutional violation actually occurred, but also that a municipal policy or practice was the motivating factor that caused the deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A policy or custom giving rise to municipal liability cannot be established merely by identifying employee conduct that is attributable to the municipality. Plaintiffs must prove that, through its deliberate conduct, the municipality was the "moving force" behind the alleged injury. *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). There must be a close causal connection between the alleged deficiency and his injury. *City of Canton, supra*, 489 U.S. at 391. Individual incidents of unconstitutional behavior by an employee are insufficient to establish a municipal policy or custom. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). "Instead, it is when [the] execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injuries that [make] the government as an entity responsible under § 1983." *Monell*, 436 U.S. at 694. Plaintiffs have not sufficiently alleged anything that could remotely be construed in such a way.

Courts make it clear that a custom or practice cannot be inferred absent evidence of a widespread pattern of constitutional violations of long standing. "Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom. Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from custom." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989); *accord Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir.

1990) ("A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well-settled' as to virtually constitute law.").

As the Supreme Court stated in *Board of County Commissioners of Bryan County, supra*, 520 U.S. at 407, municipal liability "may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations." It is not enough to show that the Department ignored the officer defendants' prior violations of Department policy if that misconduct did not rise to the level of a constitutional violation. A *Monell* claim requires at a minimum evidence of "incidents involving similar facts." *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005). Here, Plaintiffs have failed to allege such facts, let alone identify which act they believe is the underlying "similar" constitutional violation.

Where, as here, training or supervision is claimed to be deficient, the plaintiff must demonstrate a close causal connection between the alleged deficiency and his injury. *City of Canton, supra*, 489 U.S. at 391. Where a municipal training policy is constitutionally adequate, evidence that a particular officer did not act in compliance with the principles he learned in training does not establish a violation and does not prove causation. *Id.* ("[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.") Absent any specific allegations Defendants are entitled to dismissal on all federal claims against the City and Chief Suhr. Plaintiffs simply cannot point to an unconstitutional policy.

### III. PLAINTIFF'S SECOND CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE THERE IS NO PRIVATE RIGHT OF ACTION FOR DAMAGES UNDER ARTICLE I, SECTION 7 OF THE CALIFORNIA CONSTITUTION.

The California Supreme Court has held that is no indication in the language of California Constitution, article I, section 7 that provides an implied right to seek damages for a violation of the due process liberty interest, in a case where there was a remedy available to challenge that violation. *Katzberg v. Regents of University of California*, 29 Cal.4th 300, 324-325 (2002). In this case, Plaintiffs could have appealed the SFMTA decision to a state court. However, they failed to do so. As such, they should be foreclosed from alleging a claim for damages in this court.

## IV. PLAINTIFFS' THIRD CAUSE OF ACTION SHOULD BE DISMISSED BECAUSE THEY HAVE NOT ALLEGED A STATUTORY BASIS FOR LIABILITY AS REQUIRED.

It is well established that a public entity is not liable except as provided by statute. *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1127-1128 (2002). In California, there is no statute that provides for a direct negligence claim against a public entity. *Id.* at 1127 ["the [Tort Claims] Act contains no provision ... providing that a public entity generally is liable for its own conduct or omission to the same extent as a private person or entity." [Emphasis in original].) The only potentially applicable statute that could possibly impose liability against CCSF in this case is the dangerous condition statute contained in Government Code section 835.

"A public entity may be liable for an injury directly as a result of its own conduct or omission, rather than through the doctrine of respondeat superior, *but only 'as . . . provided by statute.'"* [Italics and ellipses in original.] *Id.* at 1131-1132. "The Legislature has elected to impose liability on public entities principally through their potential vicarious liability for the negligence of their employees and has otherwise provided for relatively circumscribed liability." *Ibid.*

The "intent of the Tort Claims Act is not to expand the rights of plaintiffs in suits against governmental entities but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." *Id.* at 1127. *See also, Eastburn v. Regional Fire Protection Authority,* 31 Cal. 4th 1175 (2003) ("...direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714. Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles.") *Eastburn, supra,* 31 Cal. 4th at 1183.

Plaintiff's third cause of action for conversion is brought specifically "under the common law of California." As such, Plaintiff's failed to comply with the requirements as set forth above. As such, Plaintiff's third cause of action should be dismissed.

## CONCLUSION

Based upon the foregoing, Defendant CCSF respectfully requests that the Court grant Defendant CCSF's Motion to Dismiss the Complaint in its entirety because Plaintiffs failed to exhaust

their administrative remedies prior to filing this action in this Court and they also failed to properly allege the requisite elements of their proposed causes of action.

Dated: October 16, 2017

                                      DENNIS J. HERRERA
                                      City Attorney
                                      CHERYL ADAMS
                                      Chief Trial Deputy
                                      SUSAN J. KAWALA
                                      Deputy City Attorneys

                             By:      /s/ Susan J. Kawala
                                      SUSAN J. KAWALA
                                      Attorneys for Defendant
                                      CITY AND COUNTY OF SAN FRANCISCO,

# PROOF OF SERVICE

I, DEBORAH ROSAS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On October 16, 2017, I served the following document(s):

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

on the following persons at the locations specified:

**Marimar Cornejo & Jamil Bey**
**P. O. Box 190274**
**San Francisco, CA 94119**
**Tel: (510) 285-7930**
*Pro Se Plaintiffs*

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed October 16, 2017, at San Francisco, California.

_____
DEBORAH ROSAS