IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIMAR CORNEJO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TERESA MORAN, et al.,<br><br>    Defendants. | Case No. 17-cv-04664-CRB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION [DKT. 2], GRANTING MOTION TO DISMISS ALL CLAIMS [DKT. 19], AND DISMISSING WITH PREJUIDICE** |

Plaintiffs Marimar Cornejo and Jamil Bey ("Plaintiffs") filed for a temporary restraining order ("TRO") or, in the alternative, a preliminary injunction ("PI") (dkts. 2–4), alleging that the City of San Francisco ("City") improperly impounded their vehicle (dkt. 1 ("Compl.")). They seek the return of their car, as well as damages resulting from the impound. The Court denied their motion for a temporary restraining order ("TRO") on August 15, 2017. Dkt. 9. The City has since filed a motion to dismiss. Dkt. 17. Finding that it lacks subject-matter jurisdiction under the Rooker-Feldman doctrine, the Court **DENIES** the motion for PI and **GRANTS** the motion to dismiss.

I.    **BACKGROUND**

The City booted and towed Cornejo's car in July 2017 on the ground that she had failed to pay a number of parking citations. Compl. ¶¶ 17–18. Plaintiffs challenged the decision to impound at an administrative hearing. Compl. ¶ 21. They apparently did not prevail. Compl. ¶ 99. They then filed the complaint in the instant case and sought a TRO and PI, as well as leave to proceed in forma pauperis ("IFP"). Dkts. 2–4. On Aug. 15, the Court granted the motions to proceed IFP, denied the motion for TRO, and ordered the City to respond to the motion for PI. Dkt. 9. In lieu of a response, the City filed a motion

to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 19. Plaintiffs failed to meet the deadline to respond to the motion to dismiss. They subsequently failed to respond to an order to show cause why their case should not be dismissed for failure to prosecute. See dkt. 20.

## II. LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987). Nevertheless, the facts pleaded must make the claim "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Following dismissal, a court "should liberally allow a party to amend its pleading." Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013). However, it need not grant leave to amend if there is no set of facts under which the plaintiff can state a valid and sufficient claim. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987).

## III. DISCUSSION

The City argues that Plaintiffs' claim fails on two independent grounds: they did not exhaust their administrative remedies, and they did not state a cognizable claim that the administrative hearing violated their constitutional right to procedural due process. The Court need not reach these arguments, however, because it lacks subject-matter jurisdiction over Plaintiffs' claims under the Rooker-Feldman doctrine, which bars federal district courts from hearing appeals or de facto appeals from state-court judgments. See

Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012). An action is a de facto appeal when the claimed legal injuries "arise from the state court's purportedly erroneous judgment." Henrichs v. Valley View Dev., 474 F.3d 609, 616 (9th Cir. 2007). That is precisely the case here: the claimed federal and state due process violations arise from the purportedly inadequate hearing procedures, and the state-law conversion claim can only succeed to the extent that the hearing officer incorrectly determined that the City properly impounded Plaintiffs' car. Plaintiffs' damages claims are "inextricably intertwined with the merits" of the administrative determination, see Cooper, 704 F.3d at 779, and the injunction they seek would have the effect of reversing the outcome of the administrative proceeding, see Noel v. Hall, 341 F.3d at 1163. That Plaintiffs base their claim for relief on federal constitutional theories makes no difference. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

To the extent Plaintiffs argue that Rooker-Feldman does not apply because the administrative hearing was not in fact a state-court proceeding, they are wrong. The hearing process is mandated by state law, Cal. Veh. Code § 40215, and provides for a right of appeal in state superior court, id. § 40230.

## IV. CONCLUSION

Plaintiffs' motion for a preliminary injunction is **DENIED** because their claims fail on the merits. The City's motion to dismiss is **GRANTED**. Amendment would be futile because there is no set of facts under which Plaintiffs can state a valid and sufficient claim, given the jurisdictional defect. Therefore, the Court **DISMISSES** all claims without leave to amend. The hearing on the motion to dismiss set for Dec. 8 is **VACATED**.

Should Plaintiffs wish to file an appeal from this order, the Court refers them to page 61 of the Northern District of California's pro se handbook, available at http://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: Dec. 1, 2017



CHARLES R. BREYER
United States District Judge

3